**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND; CENTRAL MIDWEST CARPENTERS FRINGE BENEFIT FUNDS, INC.; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; and CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS, <br><br> Plaintiffs, <br><br> vs. <br><br> BOWMAN MECH LLC, an Indiana limited liability company, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: 1:26-cv-492 |

## COMPLAINT

NOW COME the Plaintiffs, the INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND, the CENTRAL MIDWEST CARPENTERS FRINGE BENEFIT FUNDS, INC., the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND ("collectively, the "Trust Funds"), and the CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS ("Union") (the Trust Funds and Union collectively referred to as "Plaintiffs"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant, BOWMAN MECH LLC ("Bowman Mech"), and allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Section 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of the action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Trust Funds are administered, among other places, within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division and a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division.

## PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements ("CBAs"), and therefore, are multiemployer benefit plans as defined by 29 U.S.C. § 1002(37).

4. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust ("Trust Agreements").

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Trust Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. CENTRAL MIDWEST CARPENTERS FRINGE BENEFIT FUNDS, INC. is the authorized collection agent for the Central Midwest Regional Council of Carpenters

Welfare Fund and the Central Midwest Regional Council of Carpenters Defined Contribution Pension Plan.

7. The Union is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

8. The Union is the bargaining representative of Bowman Mech's bargaining unit employees.

9. Bowman Mech is an Indiana limited liability company with its principal place of business in Kokomo, Indiana.

## COUNT I
## BREACH OF COLLECTIVE BARGAINING AGREEMENTS

10. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-9 of this Complaint with the same force and effect as if fully set forth therein.

11. Bowman Mech is an employer engaged in an industry affecting commerce.

12. Bowman Mech entered into a Memorandum of Agreement ("MOA") with the Union. (A copy of the MOA is attached hereto as **Exhibit 1**).

13. Through the MOA, Bowman Mech agreed to be bound by the Union's various CBAs (**Exhibit 1**).

14. Through the CBAs, Bowman Mech agreed to be bound by the Trust Funds' Trust Agreements.

15. Pursuant to the provisions of the CBAs and Trust Agreements, Bowman Mech is required to make monthly reports of the number of hours worked by its covered employees ("monthly remittance reports") and pay contributions to the Trust Funds and wage deductions to the Union at the negotiated rate set forth in the CBAs on or before the twentieth (20th) day of the following month in which the work is performed.

16. Pursuant to the power granted to them through the Trust Agreements, the Trustees of the Trust Funds adopted a Collections and Payroll Audit Policy ("Collections/Audit Policy"), which governs the collection of delinquent employer contributions and the performance of payroll compliance audits.

17. Pursuant to Section 502(g)(2) of ERISA, the Collections/Audit Policy, and the Trust Agreements, employers who fail to submit their monthly remittance reports and remit contributions to the Trust Funds are responsible for the payment of liquidated damages, interest, and attorneys' fees and costs associated with the collection of the delinquent contributions.

18. Pursuant to the CBAs, Trust Agreements, and Collections/Audit Policy, signatory employers are required to furnish the Trustees, upon request, with information that the Trust Funds' auditors may require in order to determine the accuracy of the contributions they have remitted.

19. Plaintiffs sought to audit Bowman Mech pursuant to the CBAs, Trust Agreements, and Collections/Audit Policy.

20. Plaintiffs' auditors, L.M. Henderson and Company LLP, (hereinafter, the "Auditors"), requested information from Bowman Mech for the audit period of July 28, 2024, through present.

21. Plaintiffs have made repeated demands for Bowman Mech to comply with the payroll compliance audit.

22. Bowman Mech has failed to comply with the Auditors' requests to schedule and complete the payroll compliance audit.

23. Bowman Mech is obligated to pay any contribution and wage deduction deficiencies

revealed by the payroll compliance audit, along with the resulting liquidated damages, interest, and audit fees.

24. Bowman Mech has an ongoing obligation under the CBAs to submit its monthly remittance reports and pay the corresponding contributions and wage deductions owed on behalf of its covered employees to Plaintiffs; thus, additional contributions, wage deductions, liquidated damages, and interest may become due and owing.

25. Plaintiffs have been required to employ the undersigned attorneys to compel Bowman Mech's compliance with the audit.

26. Bowman Mech is obligated to pay reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, Collections/Audit Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. Defendant Bowman Mech be ordered to produce all records necessary for the Auditors to complete a payroll compliance audit of Bowman Mech for the period of July 28, 2024, through present;

B. Judgment be entered in favor of Plaintiffs and against Defendant Bowman Mech in an unknown amount for the contributions and wage deductions revealed to be due and owing by the payroll compliance audit, along with the resulting liquidated damages and interest;

C. Judgment be entered in favor of Plaintiffs and against Defendant Bowman Mech in an unknown amount for any and all audit fees associated with the payroll compliance audit;

D. Judgment be entered in favor of Plaintiffs and against Defendant Bowman Mech for any other contributions, wage deductions, liquidated damages, and interest that are found to be due and owing in addition to the amounts referenced in Paragraph B above;

E. Defendant Bowman Mech be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, Collections/Audit Policy, and 29 U.S.C. § 1132(g)(2)(D); and

F. Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant Bowman Mech's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

**INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND** *et al.*

/s/ Adam Y. Decker
Adam Y. Decker (36407-53)
JOHNSON & KROL, LLC
11611 N. Meridian Street, Suite 310
Carmel, Indiana 46032
Phone: (317) 754-8720
Facsimile: (312) 255-0449
decker@johnsonkrol.com